UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VICTORIA HILL, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:03CV1526 JCH |
| ) | |
| WYETH, INC., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon Defendant Wyeth, Inc.'s Motion to Exclude Expert Opinion Testimony of Ira J. Gelb, M.D. ("Wyeth's Motion to Exclude"), filed January 16, 2007. (Doc. No. 47). The motion is fully briefed and ready for disposition.

## BACKGROUND

On or about September 2, 2003, Ms. Victoria Hill[1] filed this action for damages in the Circuit Court of the City of St. Louis, Missouri. (Doc. No. 1-3, Petition for Damages (hereinafter "Complaint" or "Compl.")). Ms. Hill alleged she was injured as a result of her use of the prescription diet drug dexfenfluramine, manufactured and distributed by Defendant Wyeth, Inc. ("Wyeth") under the brand-name "Redux".[2] (Compl., ¶¶ 14, 28). According to Plaintiff, Redux was pulled from the market in September, 1997, when it was linked to heart valve damage, primary pulmonary

---

[1] The sole remaining Plaintiff in this matter, Victoria Hill, passed away during the pendency of this matter. Ms. Hill's mother, Mable Gillespie, has been substituted as Plaintiff in this matter.

[2] At various points in their filings, the parties allege Ms. Hill ingested fenfluramine, distributed under the brand-name "Pondimin." Throughout her response to Wyeth's Motion to Exclude, however, Plaintiff maintains Ms. Hill used Redux, and the Court will assume that to be the case for purposes of this Memorandum and Order.

hypertension, and other diseases. (Compl., ¶ 44). Wyeth removed the action to this Court on October 24, 2003. (Doc. No. 1).

In her Complaint, Plaintiff asserts five causes of action against Wyeth: Breach of Express and Implied Warranties (Count I)[3]; Strict Products Liability/Defective Design (Count II); Strict Products Liability/Failure to Warn (Count III); Negligence (Count IV); and Liability under Restatement (Second) of Torts, § 402(b).[4]

In support of her claims, Plaintiff seeks to introduce the testimony of her expert witness, Ira J. Gelb, M.D. ("Gelb"). If permitted, Gelb will offer the opinion that Ms. Hill suffered from mild aortic valve regurgitation[5], caused by her ingestion of dexfenfluramine.[6] In its Motion to Exclude, Wyeth maintains Gelb's opinion is inadmissible under both the Federal Rules of Evidence and the Supreme Court's ruling in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

## **DISCUSSION**

Under Eighth Circuit law, "[d]ecisions concerning the admission of expert testimony lie within the broad discretion of the trial court." Anderson v. Raymond Corp., 340 F.3d 520, 523 (8th Cir.

---

[3] In an Order entered February 28, 2007, this Court dismissed Plaintiff's breach of warranty and misrepresentation claims. (Doc. No. 63).

[4] Plaintiff's claim under § 402(b) may be found in her Severed and Amended Complaint, filed in the multidistrict litigation in this matter before Judge Harvey Bartle, III, of the United States District Court for the Eastern District of Pennsylvania. (Doc. No. 38-7).

[5] In her response to Wyeth's motion, Plaintiff apparently concedes Gelb will not offer an opinion regarding Ms. Hill's alleged mild mitral valve regurgitation. (See Plaintiff's Response to Wyeth's Motion to Exclude ("Plaintiff's Response"), P. 1). The Court therefore will deny the portion of Wyeth's Motion to Exclude addressing mitral valve regurgitation as moot.

[6] Originally, Gelb was prepared to offer the opinion that Ms. Hill's heart valve regurgitation was more likely than not going to worsen. In light of Ms. Hill's recent death, however, Plaintiff apparently concedes Gelb will not offer this opinion. (See Plaintiff's Response, P. 2 ("Moreover, due to Ms. Hill's recent passing, it is unlikely Dr. Gelb holds the opinion her heart valve regurgitation is likely to get worse. Consequently, Defendant's second requested Order is moot.")). In light of this concession, the Court will deny this portion of Wyeth's Motion to Exclude as moot.

2003) (internal quotations and citation omitted). As a preliminary matter, "'[t]he proponent of the expert testimony must prove its admissibility by a preponderance of the evidence.'" Sappington v. Skyjack Inc., 446 F.Supp.2d 1059, 1061 (W.D. Mo. 2006), quoting Lauzon v. Senco Prods., Inc., 270 F.3d 681, 686 (8th Cir. 2001). The starting point for analyzing expert testimony is Federal Rule of Evidence 702, which provides in relevant part as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Id. Further, pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., the seminal case regarding expert opinion testimony, "district courts are to perform a 'gatekeeping' function and insure that proffered expert testimony is both relevant and reliable." Dancy v. Hyster Co., 127 F.3d 649, 652 (8th Cir. 1997) (citations omitted), cert. denied, 523 U.S. 1004 (1998); see also Daubert, 509 U.S. at 592-93.

As stated above, if permitted Gelb would testify that Ms. Hill suffered from mild aortic valve regurgitation, and that the condition was caused by her ingestion of dexfenfluramine. (Report of Ira J. Gelb, M.D., attached to Wyeth's Motion to Exclude as Exh. A, P. 3). In its Motion to Exclude, Wyeth maintains Plaintiff's expert's opinion is inadmissible, as it is based solely upon speculation and conjecture. (Suggestions in Support of Wyeth's Motion to Exclude Expert Opinion Testimony of Ira J. Gelb, M.D., PP. 4-7). Specifically, Wyeth notes that because Ms. Hill suffered from numerous diseases and conditions in the years prior to her death, including systemic lupus erythematosus, obstructive sleep apnea, rheumatoid arthritis, chronic obstructive pulmonary disease, obstructive cardiomyopathy, obesity, and atrial fibrillation, Gelb was unable to testify to a reasonable degree of medical certainty that it was her ingestion of dexfenfluramine that caused her aortic valve regurgitation. (Id., PP. 4-5).

Upon consideration, the Court will allow Gelb to offer his opinion regarding the cause of Ms. Hill's mild aortic valve regurgitation. The Court notes that while Gelb acknowledged a number of other factors may have contributed to Ms. Hill's condition[7], he nevertheless testified her ingestion of dexfenfluramine was also a cause. (See, e.g., Gelb Depo., P. 34). Gelb's testimony thus is relevant to the question of causation, and so he will be permitted to testify thereon. See Spears v. Unisys Corp., 1995 WL 871152 at *2 (E.D. Mich. May 15, 1995) (holding plaintiff's expert need not positively rule out every other cause for plaintiff's injury, so long as he takes the other causes into account).[8]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Wyeth's Motion to Exclude Expert Opinion Testimony of Ira J. Gelb, M.D. (Doc. No. 47) is **DENIED** in part and **DENIED** as moot in part, in accordance with the foregoing.

Dated this 5th day of March, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[7] See, e.g., Deposition of Ira J. Gelb, M.D., attached to Wyeth's Motion to Exclude as Exh. D, PP. 34, 35-36, 74.

[8] Any alleged deficiencies in Gelb's methodology and/or conclusions may be brought to the jury's attention through vigorous cross-examination.